

Matthew J. Fedor
973-549-7329 Direct
Matthew.Fedor@dbr.com

*Law Offices*

600 Campus Drive
Florham Park, NJ
07932-1047

973-549-7000
973-360-9831 fax
www.drinkerbiddle.com

*A Delaware Limited
Liability Partnership*

CALIFORNIA

DELAWARE

ILLINOIS

NEW JERSEY

NEW YORK

PENNSYLVANIA

TEXAS

WASHINGTON D.C.

January 9, 2018

**VIA ECF**

Hon. Joseph A. Dickson
United States Magistrate Judge
U.S. District Court for the District of New Jersey
M.L. King, Jr. Federal Building & U.S. Courthouse, 2nd Floor
50 Walnut Street
Newark, NJ 07102

   **Re: Berardino v. Prestige / Prestige v. Berardino**
      **Consolidated under Docket No. 14-cv-03451 (D.N.J.)**

Dear Judge Dickson:

   We represent Prestige in the above-captioned action.  Kindly accept this letter-brief in lieu of a more formal reply brief in further support of Prestige's motion to stay enforcement of Your Honor's December 8, 2017 Letter Order pending Prestige's appeal of that Order.  As discussed below, Berardino's arguments ignore applicable law and he has failed to rebut the arguments set forth in Prestige's moving brief.

**A. Berardino Misstates the Law Governing Applications for a Stay**

   Initially, Berardino incorrectly argues that the four factors relevant to considering whether a stay is appropriate are mandatory "elements," and that Prestige's failure to establish any one factor renders a stay inappropriate as a matter of law.  Berardino Opp. Br. p. 2-3.  This appears to be a deliberate misstatement of the law.  First, Berardino himself cites a case that makes clear the factors are part of a balancing test.  *See United States v. Trenk*, No. 06-1004, 2009 WL 1298420, at \*5 (D.N.J. May 8, 2009) (noting that the "balance of factors" weighed against a stay in that particular case).  Second, Berardino relies on an unpublished Third Circuit case regarding the preliminary injunction standard. But he inexplicably ignores a recent published opinion—cited in Prestige's moving brief— in which the Third Circuit *expressly rejected* the argument that the four factors are mandatory prerequisites for a stay of an order pending appeal and instead has made clear that "consideration of the four factors … requires a 'delicate balancing.'"  *In re Revel AC, Inc.*, 802 F.3d 558, 570 (3d Cir 2015) (holding that requiring demonstration of all 4 factors is "deeply unfair" and an approach "we have explicitly disavowed").

*Andrew B. Joseph
Partner responsible for
Florham Park Office*

*Established* 1849

DrinkerBiddle&Reath
L L P

Hon. Joseph A. Dickson, U.S.M.J.
January 9, 2018
Page 2

**B.      The Third Circuit Has Recognized that Disclosure of Privileged or Protected Information Pending Appeal Causes Irreparable Harm**

Berardino next argues that because Judge Salas could order him to destroy the *Foley* settlement agreement if Prestige prevails on appeal, Prestige cannot show irreparable harm as a matter of law.  Again, Berardino ignores Third Circuit law.  Indeed, in *Bogosian v. Gulf Oil Corp.*, 738 F.2d 587, 591 (3d Cir. 1984), the Court held that "[w]hen a district court orders production of information over a ... claim of a privilege not to disclose," an appeal after the disclosure has occurred "is an inadequate remedy ... for compliance with the production orders complained of destroys the right sought to be protected."  Similarly, in *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991), the Third Circuit held that "when the claim concerns unsealing of material … the mere disclosure of it pending appeal could cause irreparable injury."  *See also Joint Stock Soc. v. UDV N. Am., Inc.*, 104 F. Supp. 2d 390, 406 (D. Del. 2000) (granting a stay pending appeal and noting that "once … materials [presently under seal] are unsealed, any rights or interests which the defendants are seeking to protect will evaporate").  Prestige plainly will suffer irreparable harm if a stay is not granted pending appeal, because Judge Salas will not be able to "un-ring the bell" if Berardino obtains the *Foley* settlement agreement now.

**C.      Prestige Has Not "Ignored" Any Governing Law and Has Established a Sufficient Likelihood of Success on the Merits of its Appeal**

Berardino next suggests that Prestige has not established a sufficient likelihood of success on the merits because Prestige purportedly has ignored Rule 408(b).  As explained in Prestige's Reply Brief in further support of its appeal (which is incorporated by reference herein), Berardino's suggestion that Prestige has ignored Rule 408(b) is both wrong and misleading.  *See* Prestige Appeal Reply Br. at pp. 1-3.  Indeed, the *Ford Motor*/*Lesal* standard accounts for the policy considerations underlying Rule 408, including Rule 408(b).  Regardless, for the reasons set forth in its Opening Brief in support of Prestige's appeal, and its Reply Brief, Prestige has shown a sufficient likelihood of success on the merits.  Indeed, Berardino ignores the fact that another court considering the same arguments concluded that the Foley settlement agreement was not discoverable. *See* Fedor Decl. Ex. B (ECF Doc. No. 269-3), p. 4-5 (acknowledging and rejecting argument that disclosure of *Foley* settlement agreement was appropriate because it could implicate her possible bias).

**D.      Berardino's Claim that He Will Be Prejudiced by a Stay Lacks Merit**

Berardino's conclusory argument that he will be prejudiced by a short stay is unsupported and lacks merit.  The suggestion that he needs "deposition testimony elicited from Foley to inform his examination of other deponents" is particularly unavailing.

DrinkerBiddle&Reath
L L P

Hon. Joseph A. Dickson, U.S.M.J.
January 9, 2018
Page 3

Indeed, Berardino completely ignores the fact that he already has received multiple transcripts of Foley's sworn testimony from the *Foley* and *Branch* cases, which he can use to prepare for depositions in this case.  Additionally, during the parties' recent discussion of deposition scheduling, Berardino did not even mention possible dates for Foley's deposition.

**E.**      **The Public Interest Weighs in Favor of a Stay and Berardino's Argument to the Contrary Lacks Merit**

Finally, Berardino relies on several cases from outside the District of New Jersey in a confusing attempt to suggest that the "public" interest (as opposed to his "private" interest) would somehow be served by allowing Berardino to obtain access to a private confidential settlement agreement between Prestige and Foley.  The case law Berardino relies on is unpersuasive, inapposite, and wholly inconsistent with the case law in this District and the State of New Jersey.  Indeed, there is a strong public interest in favor of resolution of litigation and in keeping such settlement agreements confidential.  *See, e.g., Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, No. 97-3496, 2010 WL 2680562, at *2 (D.N.J. June 30, 2010) ("the confidentiality of a settlement agreement is important because it protects litigation strategy and promotes more settlements"); *UMC/Stamford, Inc. v. Allianz Underwriters Ins.*, 276 N.J. Super. 52, 71 (Law. Div. 1994) (recognizing chilling effect that would result from ordering disclosure of settlement agreements).

**************

For the foregoing reasons and the reasons set forth in Prestige's moving brief, the Court should stay enforcement of the Court's December 8, 2017 Letter Order pending resolution of Prestige's appeal to Judge Salas.

Respectfully submitted,

*/s/ Matthew J. Fedor*

Matthew J. Fedor

cc:      All counsel of record